[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15222
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cr-00001-HL-TQL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NYNESON S. JEUDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 8, 2014)


Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Nyneson S. Jeudy appeals his 141-month total sentence imposed after pleading guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2, and one count of brandishing a firearm in the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Jeudy contends the district court's order to run his federal sentence consecutive to his undischarged state sentence was unreasonable under the factors set forth in 18 U.S.C. § 3553(a), because the court did not give adequate consideration to his personal history or the disparity between his sentence and his codefendant's lesser sentence. After review, we affirm Jeudy's sentence.

Where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. 18 U.S.C. § 3584(a). To determine whether to impose a sentence concurrently, partially concurrently, or consecutively to an undischarged term of imprisonment, the court should consider the factors enumerated in 18 U.S.C. § 3553(a). *Id.* § 3584(b); U.S.S.G. § 5G1.3(c). In addition, the commentary to § 5G1.3 provides that the court should also consider, *inter alia*, any other circumstance relevant to the determination of an appropriate sentence for the instant offense. U.S.S.G. § 5G1.3, comment. (n.3).

Section 3553(a) provides the district court is required to impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18

2

U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Jeudy does not demonstrate the district court's decision to impose the sentence consecutive to his undischarged state sentence is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (stating the party challenging the sentence has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors). Rather, it was within the district court's discretion to impose his federal sentence consecutive to his undischarged state court sentence, and the sentence met the goals encompassed within § 3553(a). *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (reviewing the reasonableness of a sentence under an abuse-of-discretion standard).

3

In announcing its decision to run the sentence consecutive to the state court sentence, the district court stated it had considered the § 3553(a) sentencing factors. Moreover, the court's statements show it did consider the § 3553(a) factors and the parties' arguments. *See Rita v. United States*, 551 U.S. 338, 356 (2007) (explaining the district court is required to set forth enough reasons to show it has considered the parties' arguments and has a reasoned basis for its decision). First, with respect to Jeudy's argument that he faced a more severe punishment than his codefendant, the court noted that charging lies in the discretion of the United States Attorney. The court then considered relevant differences between the two offenders that may warrant differing sentences. Specifically, when the issue was first raised, the court inquired whether Jeudy's codefendant, Sutton, had "shot anybody else" as Jeudy had in the past. Later, when announcing the sentence, the court specifically stated, "you were the man with the gun in the incident that brings you here today." Accordingly, the district court did not ignore this argument and did not abuse its discretion in imposing a consecutive sentence that was longer than that of Jeudy's codefendant.

Next, the court specifically addressed the nature and circumstance of the offense and history and characteristics of the defendant when it stated that Jeudy's conduct was "bad in the extreme," and further commented, "I always have reservations about sending someone your age into the penitentiary for a long

4

period of time.  People your age do things that they probably would not do if they were older."  With respect to the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law, the court commented that Jeudy's conduct showed "a disregard for the law on your part that is almost total" and further explained, "I think after you have served your sentence or most of it you will have matured and you will, at least, come to appreciate the things that concern me in imposing this sentence."  The court also addressed the need to protect the public, noting that Jeudy had "already shot one person," and "could very well have shot somebody in that [Dollar General] store."

Finally, the record does not reflect that the district court ignored Jeudy's mitigation arguments.  *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (stating a district court's failure to specifically discuss mitigating evidence does not mean that it erroneously ignored or failed to consider this evidence in determining a sentence).  Rather, after hearing Jeudy's arguments through counsel and hearing from Jeudy directly, the court stated "you are the source of your problem yourself," "nobody but you.  And it is what it is and it's got to be dealt with."  Nevertheless, while the court declined to sentence him concurrently, it stated that it was "not going to sentence him at the top of the guidelines range either."  Accordingly, the district court's statements reflect that it considered the seriousness of the offense and adequately acknowledged the § 3553(a) factors in

5

rendering its decision to run the sentence consecutive.  *See Rita*, 551 U.S. at 356.

Jeudy has not carried his burden in demonstrating the district court abused its

discretion.  Thus, we affirm Jeudy's sentence.

**AFFIRMED.**